UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE RAMIREZ ESCOBAR, pleading on his own behalf and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>LONDON & LONDON,<br><br>Defendant. | Case No:<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Plaintiff Jose Ramirez Escobar ("Plaintiff"), on behalf of himself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against London & London (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Connecticut and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is an Connecticut business that regularly does business in Connecticut with its principal place of business located at 48 Christian Lane, Newington, CT, 06111, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers

7. On a date better known to Defendant, Plaintiff incurred a credit card debt through personal use.

8. Credit card debt is considered a "debt" as that term is used and defined under the FDCPA.

9. In an attempt to collect said debt, Defendant sent Plaintiff a dunning letter on April 24, 2017 seeking a balance of $1651.24. Exhibit A.

10. In the top left-hand corner of the letter, Defendant identifies information regarding the debt, including: debtor name, account number, file number, and balance due.

11. The dunning letter indicates that the letter has been sent by a debt collector, Defendant London & London, and lists a number of potential creditors; however, nowhere in the letter does Defendant unequivocally identify the current creditor.

12. The header states "Re: MIDLAND FUNDING LLC, ASSIGNEE OF SYNCHRONY BANK (PC RICHARD); Creditor of: JOSE RAMIREZESCOBAR"

13. There are three businesses identified in this header: Midland Funding, Synchrony Bank and PC Richard, but none of these entities are in any way identified as the current creditor.

14. Section 1692g(a)(2) of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended, among other things, to advise the consumer as to the identity of the current creditor of the debt. Under the FDCPA, this current creditor notice must be effectively communicated, and may not be confusing or misleading as seen from the perspective of the reasonably unsophisticated consumer. If a letter fails to disclose the required information clearly, it violates the FDCPA without further proof of confusion or showing of materiality. *See Janetos v. Fulton Friedman & Gullace, LLP*, 2016 U.S. App. LEXIS 6361 (7th Cir. 2016).

15. Accordingly, Defendant's letter violates Section 1692g(a)(2) of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

17. Plaintiff seeks certification of the following class, initially defined as follows:

> **All consumers with mailing addresses within the State of Connecticut that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint substantially similar to Exhibit A of the Complaint.**

18. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

19. Upon information and belief, Defendant has sent debt collection letters like this to hundreds of consumers throughout the State of Connecticut, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

23. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are

typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### **Protecting the Interests of the Class Members**

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

34.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

35.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36.     Defendant's collection letter fails to properly inform consumers of the identity of the current creditor. Accordingly, Defendant has violated the following provisions of the FDCPA:

37. Section 1692g(a) provides:

> **§ 1692g(a). Notice of Debt; Contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…**
>
> **(2) The name of the creditor to whom the debt is owed.**

## COUNT II
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
## Conn. Gen. Stat. § 42-110 *et seq.*

38. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39. Defendant's collection letter is false and deceptive in violation of numerous provisions of the FDCPA.

40. Defendant's collection letter is therefore also false and deceptive in violation of CUTPA.


WHEREFORE, Plaintiff, Jose Ramirez-Escobar, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

b. Enter an Order for Injunctive Relief preventing Defendant from using said collection letters to collect debts from consumer debtors;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f.	Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

41.	Plaintiff demands a jury trial on all issues so triable.

Dated this 16th of April, 2018.

                          Respectfully Submitted,

                          /S/ Daniel Zemel
                          Daniel Zemel, Esq.
                          **Zemel Law LLC**
                          1373 Broad Street, Suite 203-C
                          Clifton, New Jersey 07013
                          P: 862-227-3106
                          dz@zemellawllc.com
                          Attorney for Plaintiff